# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR YARBROUGH | : | CIVIL ACTION |
| Petitioner, | : | |
| vs. | : | |
| | : | |
| SUPERINTENDENT MR. MICHAEL | : | NO. 09-336 |
| KLOPOTOSKI, DISTRICT ATTORNEY | : | |
| OF THE COUNTY OF LYNN ABRAHAM; | : | |
| and, THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA, | : | |
| Respondents. | : | |

DuBOIS, J.                                                DECEMBER 8, 2009

## M E M O R A N D U M

### I. INTRODUCTION

Petitioner filed a Notice of Appeal from the Report and Recommendation of Chief United States Magistrate Judge Thomas J. Rueter dated October 30, 2009 ("R&R"). Because this Court had not yet ruled on the R&R, the Notice of Appeal was docketed as Objection to the Report and Recommendation. The Court writes at this time to address the objections.

The facts of this case are set forth in detail in the R&R of Chief United States Magistrate Judge Thomas J. Rueter. They will be referenced in this Memorandum only to explain the Court's ruling on the objections.

### II. DISCUSSION

#### A. Objection One

Petitioner claims in his first objection that he was coerced into confessing to his involvement in the robberies at issue. This objection merely restates a claim raised in the habeas petition and fails to specifically state a basis for the objection. Moreover, the claim was fully addressed in the R&R. *See* R&R, Claim 2(c) at pp. 14-16. This Court agrees with what is said in the R&R on this issue, and thus the objection is overruled.

**B.     Objection Two**

Petitioner's second objection reads as follows:

> "The people who was robbed saw me approximately 2 to 3 hours after they were supposingly [sic] robbed and the [sic] came to my mother's house with plenty of police officers and they clearly stated that I did not rob them and they never saw me before and I never robbed them. It was not until my co-defendant was arrested that my name was mentioned and later was I arrested."

This objection was not raised in the Petition for Writ of Habeas Corpus and is overruled under Local Rule of Civil Procedure 72.1 IV(c). That Local Rule provides:

> "All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."

This Court finds that the interest of justice does not require that petitioner be permitted to present this new issue and evidence which could have been presented to the Magistrate Judge.

**C.     Objection Three**

Petitioner's third objection is that he was improperly convicted without being confronted by his accuser. In the habeas petition, petitioner stated this claim as a violation of his constitutional rights on the ground that the evidence was insufficient to convict him of robbing Mr. Cothren because Mr. Cothren was not present at trial. Petitioner did not raise a Confrontation Clause issue with respect to Mr. Cothren in the habeas petition. *See* R&R, Claim 9 at pp. 31-35.

The interest of justice does not require consideration of this issue which was not presented to the Magistrate Judge as provided in Local Rule 72.1 IV(c). Thus, this objection is overruled under that Local Rule.

### D. Objection Four

In petitioner's fourth objection he claims that the police improperly spoke with his co-defendant "off the record." This objection merely restates a claim raised in the habeas petition and fails to specifically state a basis for the objection as required by Local Rule of Civil Procedure 72.1 IV(b). Moreover, the claim was fully addressed in the R&R. *See* R&R, Claim 10 at pp. 35-37. This Court agrees with what is said in the R&R on this issue, and thus the objection is overruled.

### E. Objection Five

Petitioner claims that investigators improperly seized his shirt from his home without a warrant. This objection merely restates a claim raised in the habeas petition and fails to specifically state a basis for the objection as required by Local Rule of Civil Procedure 72.1 IV(b). Moreover, this claim was fully addressed in the R&R. *See* R&R, Claim 2(b) at pp. 13-14. This Court agrees with what is said in the R&R on this issue, and thus the objection is overruled.

## III. CONCLUSION

For all of the foregoing reasons, petitioner's Objection to the Report and Recommendation is overruled, the Report and Recommendation of Chief United States Magistrate Judge Thomas J. Rueter dated October 30, 2009 is approved and adopted, and the Petition for Writ of Habeas Corpus is dismissed and denied. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or this Court's procedural rulings with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate order follows.